# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY.

## JANUARY TERM, 1876.

CASE 1—INDICTMENT—JANUARY 4, 1876.

## Commonwealth v. Morgan.

APPEAL FROM ANDERSON CIRCUIT COURT.

SHOOTING AT ONE PERSON AND WOUNDING ANOTHER is not a felony
punishable under the statute against shooting at and wounding
another. (Sec. 2, art. 6, chap. 29, General Statutes.)
> To "shoot at and wound another with an intention to kill him," etc.,
> means that the same person shall be both shot at and wounded.

THOS. E. Moss, Attorney General, . . . For Appellant.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

North Morgan shot and wounded W. T. Buntin. The in-
dictment and the proof show that he shot at one Asa Oliver,
and not at the person wounded.

He was indicted under the provisions of section 2, article 6,
of the 29th chapter of the General Statutes, and upon trial was
convicted of a misdemeanor and fined in the sum of $100.

The attorney of the commonwealth being of opinion that
the circuit court erred to its prejudice in refusing to instruct
the jury, as asked by him, has prosecuted an appeal to this

(601)

court, as allowed by section 331 of the Criminal Code of Practice.

The instruction asked for and refused is in these words: "If the jury believe from the evidence, beyond a reasonable doubt, that in Anderson County, and before the finding of this indictment, the accused, North Morgan, willfully and with malice aforethought shot at Asa Oliver with the intent to kill him, and, missing his aim, wounded W. T. Buntin, then he is guilty of malicious wounding; and so they must find, and fix his punishment at confinement in the penitentiary for not less than one nor more than five years."

The statute provides that "if any person shall willfully and maliciously shoot at and wound another with an intention to kill him, so that he does not die thereby, with a gun or other instrument loaded with a leaden bullet or other hard substance, . . . he shall be confined in the penitentiary not less than one nor more than five years."

The language of the statute does not embrace the offense for which the appellee was put upon his trial. To constitute the statutory crime it is necessary that the party accused "shall willfully and maliciously shoot at *and* wound another, with an intention to kill him." Here he did not wound the person at whom he shot, on the one hand; nor did he shoot at the person whom he did wound, on the other. The two facts essentially necessary to constitute the felony do not conjoin, and hence the instruction asked for was properly refused.

The action of the circuit court in respect to said instruction is approved.