## STATE vs. JOHN BELL.

*Criminal Law—Homicide—Murder—Malice—Election of Officers —Duty to Protect Ballot Boxes—Shooting at One Person and Killing Another.*

1. The different kinds of Homicide defined. Malice defined.

2. It is the duty of election officers to keep safely the ballot boxes, and to repel any attempt to capture them; and it is lawful for them to use such amount of force as is necessary for that purpose.

3. Where one unlawfully shoots a gun or pistol at one person and kills another, the crime is the same as if he had killed the person at whom he shot.

(*December 9, 1904.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Herbert H. Ward*, Attorney-General, and *Robert H. Richards*, Deputy Attorney-General, for the State.

*Daniel O. Hastings* for the defendant.

INDICTMENT FOR MURDER OF THE FIRST DEGREE (No. 45, November Term, 1904).

At a Court of Oyer and Terminer in and for New Castle County, beginning December 8th, 1904, the defendant, a colored man, was tried for the murder of one Harvey Miller, also colored. The facts appear in the charge of the Court.

SPRUANCE, J., charging the jury:

Gentlemen of the jury:—The indictment which you have been empanelled to try charges the prisoner John Bell with the murder of Harvey Miller on the eighth day of November last.

During the present term you have heard much from the Court as to the law of homicide, but it is necessary that we should now instruct you as to such parts of the law as appear to be applicable to this case.

Homicide is the killing of one human being by another. Felonious homicide is of three kinds; murder of the first degree, murder of the second degree and manslaughter. Malice is the essential ingredient of the crime of murder of both degrees. Without malice there can be no murder, either of the first or of the second degree. Malice is a condition of the mind or heart. As here used this term is not restricted to spite or malevolence toward the particular person slain, but also includes that general malignity and reckless disregard of human life which proceed from a heart void of a just sense of social duty and fatally bent on mischief. Wherever the fatal act is done deliberately or without adequate cause, the law presumes that it was done with malice, and the burden is on the prisoner to show from the evidence, or by inference from the circumstances of the case, that the act was not done with malice.

Murder of the first degree is where the killing was done with express malice aforethought, or in perpetrating or attempting to perpetrate a crime punishable with death. Express malice aforethought is where one person kills another with a sedate, deliberate

mind and formed design, which formed design may be manifested in many ways; as for instance, by lying in wait for the deceased, or by antecedent menaces or threats that disclose a purpose on the part of the prisoner to commit the act charged, or by former grudges, ill will, spite, hatred or malevolence toward the deceased, or any other circumstances which disclose the purpose or intention of the accused toward his victim at the time when the crime was committed. The deliberate selection and use of a deadly weapon is a circumstance which, in the absence of satisfactory evidence to the contrary, indicates the existence in the mind of the person committing the act of a deliberate formed design to kill. All homicides with a deadly weapon are presumed to be malicious until the contrary appears by the evidence, and the burden of proof to the contrary lies on the accused. Where the killing by a deadly weapon is admitted or proved, malice aforethought is presumed, in the absence of evidence to the contrary, and the burden of showing the contrary is on the accused, as the natural and probable consequences of the act are presumed by the law to have been intended by the person using a deadly weapon.

If when the slayer killed his victim he deliberately intended so to do, the length of time that such intention existed is not material.

Murder in the second degree is where the killing was done with implied malice. Implied malice is an inference or conclusion of law from the facts found by the jury. Murder of the second degree is where there was no deliberate mind or formed design to take life or perpetrate a crime punishable with death, but where the killing was done without justification or excuse and without provocation, or without sufficient provocation to reduce the offense to manslaughter.

Manslaughter is where one person unlawfully kills another without malice. In order to reduce the crime to manslaughter, the provocation must be very great; so great as to produce such a transport of passion as to render the person for the time being deaf to the voice of reason. While murder proceeds from a wicked and

depraved spirit and is characterized by malice, manslaughter results from no malignity, but from unpremeditated action and unreflecting passion.

No looks or gestures however insulting, no words, however opprobrious or offensive, can amount to a provocation sufficient to excuse or justify even a slight assault. Nor can a slight assault excuse the killing of an assailant with a deadly weapon so as to reduce the offense from the grade of murder to that of manslaughter.

It appears from the undisputed evidence in this case, that shortly after the closing of the polls on the evening of the day of the general election, on the eighth day of November last, when the election officers were about to begin to count and tally the votes, a riotous mob, with force and violence, broke into a polling place in this city, known as 110 East Second Street, for the avowed purpose of taking possession of the ballot box.

The mob was composed of a large number of persons, some of whom were armed with pistols, and a number of shots were fired by them.

It was the duty of the election officers to keep safely the ballot boxes, and to repel any attempt to capture them; and it was lawful for them to use such amount of force as was necessary for that purpose. The inspector did resist the assailants and finally repulsed them, and in so doing fired several shots.

During the affray Harvey Miller, who was with or near the attacking party, was shot and killed, and the prisoner is now charged with his murder. The prisoner admits that he took part in the attack, and that he fired one shot into the polling room, but he denies that he shot Miller.

While all who participated in, or aided or abetted in the said riotous attack upon the polling place, were guilty of a grave offense which merits and should receive severe punishment, the indictment against the prisoner is not for that offense.

There is but one count in the indictment, and that charges in substance, that the prisoner fired the shot which killed Miller. This is a material allegation which must be proved to your

satisfaction to warrant a conviction of the prisoner of any offense whatever.

If upon mature consideration of the evidence, you shall not be able to determine who fired the shot which killed Miller; or if you shall determine that some other person than the prisoner fired said shot, even though such person was one of the prisoner's fellow rioters; or if you shall not be satisfied from the evidence, beyond a reasonable doubt, that said shot was fired by the prisoner, you should acquit him.

The allegation of the indictment that the prisoner held the pistol in his right hand when he fired the fatal shot is not material, and proof that he then held the pistol in his left hand would not be a material variance.

If you shall be satisfied from the evidence that the prisoner unlawfully fired the shot which killed Miller, it will then be your duty to determine the degree of the offense, and for this purpose you should take into consideration the evidence and the admission of the prisoner that he took part in the riotous attack upon the polling place.

Where one unlawfully shoots a gun or pistol at one person and kills another, the crime is the same as if he had killed the person at whom he shot. If the prisoner shot at an election officer with intent to kill him or do him great bodily harm, and the ball hit and killed Miller, whom he did not intend to injure, the crime would be the same as if he had killed the officer.

If, without aiming at any particular person, one unlawfully shoots into a room where there are several persons, and one or more of such persons is killed, the slayer is guilty of murder or manslaughter according to the circumstances, irrespective of his intention toward the particular person slain.

Where the testimony is conflicting you should reconcile it if you can, but if you cannot do so you should accept that part of it which you deem worthy of credit, and reject that which you deem unworthy of credit, having due regard to the intelligence or

ignorance, and impartiality or bias of the witnesses, and their opportunity to know the facts to which they have testified.

In every criminal case the accused is presumed to be innocent until his guilt is proved to the satisfaction of the jury beyond a reasonable doubt. If, after carefully and conscientiously considering and weighing all the evidence in the case, you should entertain a reasonable doubt of the guilt of the prisoner, that doubt should enure to his benefit, and you should acquit him. But such doubt must not be a mere fanciful, vague or speculative doubt, but a reasonable substantial doubt, remaining in your minds after a careful consideration of all of the evidence, and such a doubt as reasonable, fair-mind, and conscientious men would entertain under all the facts and circumstances of the case.

Under this indictment, if the evidence shall so warrant you, you may find the prisoner guilty in the manner and form as he stands indicted, that is guilty of murder in the first degree, or guilty of murder in the second degree, or guilty of manslaughter, or not guilty.

Verdict, not guilty.