STATE OF MISSOURI, Respondent, v. ALBERT P. GEIST, Appellant.

Kansas City Court of Appeals, June 11, 1917.

INTOXICATING LIQUOR: Two Offenses: Instructions. Where the evidence for the State makes two prima-facie cases of a sale of liquor to two different persons and the evidence for defendant contradicts both, it is error to submit to the jury that they could find him guilty if they believed he sold to one *or* the other.

Appeal from Putnam Circuit Court.—*Hon. George W. Wanamaker,* Judge.

REVERSED AND REMANDED.

*Cooley & Murrell* and *N. A. Franklin* for appellant.

*E. A. Jarman* for respondent.

ELLISON, P. J.—Defendant was charged generally and convicted of the offense of selling intoxicating liquors in Putnam county in violation of the Local Option Law in force in such county.

He kept a lunch room or restaurant and had a clerk or assistant named Martin. The evidence for the State related to sales at different times, said to have been made to two men, one named Craft and the other Ranes. An instruction was given in which it was submitted that if the jury believed from the evidence that defendant "sold Craft *or* Ranes" intoxicating liquors, they would find him guilty. Following the reasoning in State v. Washington, 242 Mo. 401, and State v. McGrath, 73 Mo. 181, error was committed in giving this instruction.

It was made an issue whether a sale was made to either, and a part of the jury may have believed a sale was made to Craft but not to Ranes, and the remaining jurors may have believed the converse. Thus a verdict could have been reached under the instruc-

tion without unanimity as to either. We cannot distinguish the case from those cited.

This is not a case where one offense is involved, it being a point of dispute as to which of two persons the offense was committed with. But it is a case which, under the evidence, involves two distinct offenses, one a sale to Graft and the other a sale to Ranes. If there had been but one offense in controversy and an uncertainty as to which of two persons was the purchaser, then an instruction that if the jury believed the sale was made to either, they should find the defendant guilty would be proper. For, in such case, all of the jury could unite in a verdict that the offense was committed and find the defendant guilty, though they might not agree as to which of the two persons the sale was made to.

But where the State marks out, prima facie, two cases, one a sale to Craft and the other a sale to Ranes, and the defendant makes a case contradicting both, then the entire jury must find that one or both these sales were made, and an instruction for the State must not be so worded, that less than the entire jury will be authorized to return a general verdict of guilty simply because they all believe he committed one or the other of the two offenses, but cannot agree as to which.

The judgment is reversed and the cause remanded. All concur.

TRIMBLE, J. (concurring)—On account of the principle announced in State v. Washington, 242 Mo. 401, I feel constrained to concur in the view that the State's instruction is erroneous. Under it, as worded, it is possible that a jury might return a verdict of guilty and yet not agree on which one of the two offenses mentioned the defendant committed. An instruction in a criminal case should not be so worded as to affirmatively invite or permit this to be done. It would seem that similarly there is just as much liklihood of a jury agreeing upon a verdict, and yet not agreeing upon what particular offense was committed, in any

prosecution for the sale of intoxicating liquor where, under one charge, there is evidence of several different sales and the State's instruction tells the jury that if they believe from the evidence beyond a reasonable doubt that the defendant sold liquor at any time within the year they will find him guilty. But, in that situation there is nothing in the instruction which (like the one at bar) affirmatively makes it possible for the jury to return a verdict of guilty without being unanimous as to the offense of which they find the defendant guilty. However, any possible chance of this occurring may be obviated by so wording the instruction as to make it clear that to authorize a verdict of guilty the jury must agree upon the offense of which they believe him to be guilty. The result reached in the disposition of this case should not be construed as limiting or preventing a prosecutor from offering, if he so desires, evidence of more than one sale in support of a single charge.