## STATE, Respondent, v. FLATHERS; Appellant.

### (232 N. W. 51.)

(File No. 6889. Opinion filed September 22, 1930.)

*Kirby, Kirby & Kirby,* and *John Lynch,* all of Sioux Falls, and *C. C. Fritzel,* of DeSmet, for Appellant.

*M. Q. Sharpe,* Attorney General, *Benj. D. Mintener* and *Frank W. Mitchell,* Assistant Attorneys General, *William H. Warren,* State's Attorney, of DeSmet, *A. K. Gardner,* of Huron, and *Harry J. Eggen,* of DeSmet, for the State.

MISER, C. In 1924 appellant began taking Doris Rounds to social affairs. In the summer of 1927, when she showed a preference for the company of other young men, he showed his resentment by threats and in other ways. On November 24, 1927, appellant took his sister to a dance at Iroquois and there saw Earl Frahm dancing with Doris. About 11 o'clock, appellant took his sister home and returned to the dance taking with him the revolver with which he later did the shooting. When Frahm and Doris left the dance and crossed the street to Legion Hall where supper was being served, he followed them. In the entrance way thereto he shot four times. One shot killed Frahm, one wounded Doris, one went wild, and one wounded appellant himself.

The information on which appellant was convicted of murder contained two counts, each charging murder. Each count charged

the shooting of a revolver at Earl Frahm whereby he was mortally wounded and thereafter died; but in the first count it was charged that this was done by appellant with a premeditated design to effect the death of said Earl Frahm; whereas, in the second count, it was charged that it was done with the premeditated design to effect the death of Doris Rounds.

 The information was drawn according to chapter 143, Laws 1927, which provides: "The * * * information may charge two or more * * * different statements of the same offenses * * * under separate counts. * * * The prosecution shall not be required to elect between different offenses or counts set forth in the * * * information. * * * "

The information sets forth different statements of the same offense, namely, the murder of Earl Frahm. Section 4012, Rev. Code 1919, defines "murder" as follows: "Homicide is murder in the following cases: 1. When perpetrated without authority of law, and with a premeditated design to effect the death of the person killed, or of any other human being. 2. * * * 3. * * * "

Appellant contends that his demurrer to the information should have been sustained because chapter 143, supra, violates section 21, art. 3, S. D. Const., providing that "no law shall embrace more than one subject, which shall be expressed in its title." Chapter 143 dealt with only one general subject, namely, the method of procedure in making criminal charges against a person accused of crime. Every part of the statute is germane to the subject. Appellant assigns no sufficient reason for holding the statute unconstitutional.

 Appellant also claims that, under the court's instructions, six jurymen might have believed appellant shot Earl Frahm with intent to kill Earl Frahm, and six other jurymen might have believed that appellant shot Earl Frahm with intent to kill Doris Rounds; and, under the instructions, a verdict might have been rendered of guilty without the twelve minds meeting as to the intent, a necessary element of the crime. In support of this claim of error, appellant cites State v. Washington, 242 Mo. 401, 146 S. W. 1164, and State v. Jackson, 242 Mo. 410, 146 S. W. 1166, both of which are Missouri cases, and State v. Shanley, 20 S. D. 18, 104 N. W. 522, 524. However, in State v. Geist, 196 Mo. App. 393, 195 S. W. 1050, 1051, 199 S. W. 1041, the Missouri court,

while following the reasoning of the two cases above cited, said: "If there had been but *one offense* in controversy and an uncertainty as to which of two persons were the purchasers, then an instruction that if the jury believed the sale was made to either, they should find the defendant guilty, would be proper. For, in such case, all of the jury could unite in a verdict that the offense was committed and find the defendant guilty, though they might not agree as to which of the two persons the sale was made to."

In the case at bar there was but one offense charged, namely, the murder of Earl Frahm. In State v. Shanley, supra, the indictment charged the defendant with shooting at one Striegel with intent to kill the said Striegel. The court charged the jury that they might find the defendant guilty as charged in the indictment if satisfied beyond a reasonable doubt that he shot at Striegel with intent to kill Striegel *or any other person*. After quoting the statute defining the offense for which defendant was tried, this court said: "Neither the letter nor spirit of our statute restricts the intent to the person who is shot at or shot. So, if the defendant shot at Striegel with intent to kill him, the marshal, or any other person, he was guilty of the crime charged, and the only question is whether the *allegations of the indictment* will sustain a conviction based upon evidence disclosing an intent to kill any person other than Striegel. * * * This is clearly one of those cases contemplated by our statute (Rev. Code Cr. Proc. § 224), which required an indictment containing different counts—one alleging intent to kill Striegel, another intent to kill the marshal, and so on."

In the case at bar the state filed just such an information as this court in State v. Shanley said should have been filed in that case. The precedent of the Shanley case did not require an instruction in the case at bar that all twelve of the jurors should agree that appellant intended to kill Earl Frahm, or all twelve of the jurors should agree that appellant intended to kill Doris Rounds, and so specify in their verdict before they could find him guilty of the murder of Earl Frahm, whom he did kill.

Some of the jurors may have believed. that appellant shot Frahm with the intent to kill Frahm, and there was ample evidence of such intent; some may have believed that appellant shot Frahm with intent to kill Doris, and there was ample evidence of such · intent; some of the jurors may have believed that appellant shot

Frahm with intent to kill both Frahm and Doris, and there was ample evidence of such intent. In either of these cases, the jury would have agreed that appellant shot and killed Frahm with the intent to kill him or some other person, both of whom were named in the one information, the one in the first count, the other in the second count. As said in Territory v. Roward, 8 Mont. 110, 19 P. 595, the material point in this particular is that the defendant did the fatal act with felonious, deadly intent. In State v. Bectsa, 71 N. J. Law, 322, 58 A. 933, 935, it was held proper to instruct the jury that: "If they found that the death of Minnie Root resulted from a pistol shot intended by the defendant for another person, the question of the defendant's guilt * * * is to be determined precisely the same as if the bullet had killed the person for whom it was intended."

In People v. Sullivan, 173 N. Y. 122, 65 N. E. 989, 990, 63 L. R. A. 353, 93 Am. St. Rep. 582, the New York court said: "For far more than a century past it has been the practice, approved by all courts and text-writers, to charge, by the use of several counts, the same offense as committed in different manners or by different means. 'There is no objection to stating the same offense in different ways in as many different counts of the indictment as you think necessary.' Arch. Cr. Prac. 93. 'Every cautious pleader will assert as many counts as will be necessary to provide for every possible contingency in the evidence, and this the law permits.' Whart. Cr. Law, § 424. * * * Where the several counts charge the same offense, the prosecution will not be compelled to elect on which count it will proceed. * * * 'If the different counts are inserted in good faith for the purpose of meeting a single charge the court will not even compel the prosecutor to elect.' Opinion of chancellor, Kane v. People, 8 Wend. 203. In People v. Rugg, 98 N. Y. 537, the defendant was indicted for murder in the first degree, as charged in separate counts, some alleging premeditation and deliberation, others killing in the commission of a felony. The defendant on the trial moved that the prosecution be required to elect on which count of the indictment it would proceed. The motion was denied, and the jury rendered a general verdict of guilty. The judgment was affirmed by this court. * * * The reasons for this practice are very clearly stated by Chief Justice Shaw * * * : '* * * Take the instance of a murder at sea.

The man is struck down, lies some time on the deck insensible, and in that condition is thrown overboard. The evidence proves the certainty of a homicide by the blow or by the drowning, but leaves it uncertain by which. That would be a fit case for several counts, —charging a death by a blow and a death by drowning, and perhaps a third alleging a death by the joint results of both causes combined.' In the case suggested by the learned judge it would certainly be unreasonable that the defendant should escape conviction because of difference of opinion among the jurors as to whether his victim was killed by the blow or by drowning, when all were convinced that the killing was effected by the felonious act of the defendant."

To like effect, see Candy v. State, 8 Neb. 482, 1 N. W. 454; Hamilton v. State, 129 Ga. 747, 59 S. E. 803; State v. Bell, 5 Pennewill (Del.) 192, 62 A. 147; Michie, Homicide, § 17, pp. 108, 109; Whart. Homicide (3d Ed.) § 359.

It must be admitted that none of the cases above quoted or texts cited cover the identical point, nor has a search of some diligence, supplementing the citations of counsel herein, been rewarded by the discovery of any holding exactly in point. It would, however, be peculiar, and contrary to the spirit of the authorities hereinbefore cited, and not demanded by any statute or prior decision, to hold that the appellant's conviction of murder must be set aside because perchance the jury, while all agreeing that he did murder Frahm, were unabel to agree as to whether, when he did murder Frahm, it was Frahm or Doris Rounds that he intended to kill.

The foregoing covers the questions raised by the first two groups of assignments. We have examined the remaining six groups of forty-seven assignments. Although ably presented, we have found no prejudicial error therein, and are of the opinion that no useful purpose would be served by their discussion herein.

The judgment and order appealed from should be, and are, affirmed.

BROWN, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.