STATE OF IOWA, appellee, v. MAT ART ALFORD, appellant.

No. 52271.

(Reported in 151 N.W.2d 573)

June 6, 1967.

Stamatelos & Glenn, of West Des Moines, for appellant.

Richard C. Turner, Attorney General, David A. Elderkin, Assistant Attorney General, Ray A. Fenton, Polk County Attorney, and James D. McKeon, Assistant Polk County Attorney, for appellee.

Stuart, J.—A Polk County jury convicted Mat Art Alford of assault with intent to commit murder as defined in section 690.6, Code of Iowa. He has appealed from the judgment entered thereon.

There was evidence from which the jury could have found the following: On the evening of October 30, 1965, Jerry Overton, his wife and another couple were parked in his car on the

wrong side of a street in front of his cousin's house in West Des Moines. Defendant and his brother Caleb Alford drove by the parked car and stopped. Defendant and Jerry Overton engaged in an argument over the manner in which the car was parked. A fight followed in which defendant got the worst of it. He and his brother got back into the car and drove off.

About five minutes later, as Jerry Overton, his cousin, Richard Overton, and a brother-in-law and their wives were leaving the Richard Overton home for a dance, defendant and his brother again drove up. The group walked toward the car. When Jerry Overton was about two feet from the car, defendant said: "There's the one I want" and reached down to the floorboard and picked up a gun. As defendant raised his arm, Jerry Overton hit it. There was a gunshot and Richard Overton standing about five feet to the right and rear of Jerry Overton was hit by a bullet in cheek and ear.

I. The indictment returned by the Polk County Grand Jury accused: "Mat Art Alford of assault with intent to commit murder as defined in Section 690.6 of the 1962 Code of Iowa and charged that Mat Art Alford assaulted Richard Overton with intent to commit murder."

■ Defendant contends the indictment is defective because it "mentions a party that was shot, but does not mention the party assaulted" and that there was no showing of any assault or attempted assault on Richard Overton. It seems to be defendant's position that the wounding of one party while shooting at another party does not constitute an assault against the party who is actually injured, but is only an assault against the person whom he intended to shoot. No authorities are cited which support this theory and we have found none. On the other hand, there are several cases in which a defendant has been charged with assaulting a person who was not the intended victim. State v. Metcalfe, (not reported in Iowa reports) 206 N.W. 620, 621; State v. Thomas, 127 La. 576, 53 So. 868, 869, 37 L. R. A., N. S., 172, Ann. Cas. 1912A; People v. Cohen, 305 Ill. 506, 137 N.E. 511, 513; Montgomery v. State, 78 Ga. App. 258, 50 S.E.2d 777; 40 C. J. S. 946, Homicide, section 81.

942

■■ Logic does not support defendant's position. If the misdirected shot had been fatal, defendant could have been convicted of the murder of the person killed. State v. Williams, 122 Iowa 115, 124, 97 N.W. 992; State v. Huston, 187 Iowa 1000, 1002, 174 N.W. 641. The malice aforethought necessary to make a homicide murder need not be directed at the one actually killed. Perkins, Criminal Law, page 717. Assault with intent to commit murder is basically a charge of attempted murder. Therefore, it should not be necessary to prove the malice aforethought was directed toward the person actually shot just because injury, rather than death, resulted. An attempt to commit murder should not require proof of an intention not necessary to sustain a charge of murder.

In some instances, the wording contained in the indictments, State v. Shanley, 20 S. D. 18, 22, 104 N.W. 522, 524; State v. Martin, 342 Mo. 1089, 119 S.W.2d 298, 301; or statutes, Commonwealth v. Morgan, 74 Ky. 601, 602 (1876); Hall v. Commonwealth, 17 Ky. L. Rep. 1365, 1366, 34 S.W. 894 (1896), has made it necessary to prove defendant intended to murder the person injured. Perkins, Criminal Law, page 717, but see: Jones v. State, 89 Tex. Cr. 355, 231 S.W. 122, 124. In State v. Shanley, supra, the South Dakota Supreme Court said:

"Neither the letter nor spirit of our statute restricts the intent to the person who is shot at or shot. So, if the defendant shot at Striegel with intent to kill him, the marshal, or any other person, he was guilty of the crime charged, and the only question is whether the allegations of the indictment will sustain a conviction based upon evidence disclosing an intent to kill any person other than Striegel. Or, in other words, did the state, by merely alleging an intent to kill Striegel, limit the inquiry to that issue alone * * *."

■ There is no such limiting indictment or statute here and these authorities are not applicable. Neither the indictment nor statute requires that the intent to commit murder be directed toward the person actually injured.

■ When Richard Overton was hit by the bullet, he was assaulted. There is evidence to support a finding that defendant

intended to murder Jerry Overton with the shot that struck Richard. This evidence is sufficient to make a jury question on the charge of "assault with intent to commit murder as defined in Section 690.6 of the 1962 Code of Iowa and charge that Mat Art Alford assaulted Richard Overton with intent to commit murder."

II. Defendant claims the court erred in permitting his confession to be introduced into evidence. He relies on Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed.2d 694, and Escobedo v. Illinois, 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed.2d 977. There is no claim the confession was involuntary or coerced. We need not discuss the merits as this trial preceded the Miranda decision which applied prospectively only and we have rejected a broad interpretation of Escobedo in many recent decisions. Johnson v. New Jersey, 384 U. S. 719, 86 S. Ct. 1772, 16 L. Ed.2d 882; Davis v. North Carolina, 384 U. S. 737, 86 S. Ct. 1761, 16 L. Ed.2d 895; State v. Rye, 260 Iowa 146, 148 N.W.2d 632, 637, 638; State v. Kulish, 260 Iowa 138, 148 N.W.2d 428, 434; State v. Sanders, 260 Iowa, 327, 149 N.W.2d 159, 161.

There was no error in admitting defendant's confession into evidence.

III. The trial court gave the following instruction:

"The law gives the defendant the right to testify in his own behalf, and it is for the jury to determine the weight to be given his testimony, as in the case of any other witness.

"In considering and weighing his testimony you are not required to receive the testimony of the defendant as true, but to give it full and careful consideration, and determine whether it or any part of it is true or false, and whether such testimony is given by the defendant in good faith or for the purposes of avoiding conviction. You may take into consideration his interest in the outcome of the case as a person charged with a crime, and you should give his testimony such weight as you deem it entitled to in view of all the facts and circumstances in evidence before you."

Defendant claims this instruction infringes upon his constitutional privilege not to testify against himself and cites

944

Griffin v. California, 380 U. S. 609, 85 S. Ct. 1229, 14 L. Ed.2d 106.

This instruction has been considered twice by this court since Griffin v. California and we have concluded that it does not infringe upon defendant's constitutional rights or constitute reversible error.

It has long been approved in the State of Iowa. State v. Ford, 259 Iowa 744, 751, 145 N.W.2d 638, 642–644; State v. Shipley, 259 Iowa 952, 960, 146 N.W.2d 266, 271. There is no reason to extend our comments. However, in view of the present inclination of the United States Supreme Court to extend the protection to the accused, it would seem advisable to omit such instruction. The matters specifically mentioned here are covered in the general instruction on credibility of witnesses.

██ IV. Defendant claims the court erred in the order in which the forms of verdict were submitted to the jury. He argues that since it is presumed a man is innocent until proven guilty, it logically follows the first form of verdict should also be for not guilty.

This is a novel concept and is at odds with the traditional order in which forms of verdict have been submitted to the jury in criminal cases. It casts serious reflection upon the jury system, of which we have been so proud, to suggest that the decision of a jury might rest on such a tenuous basis as the order in which the forms of verdict appear in the instructions. We have more confidence in juries than that. We therefore hold this contention to be without merit.

We have examined the complete record and find no reversible error.—Affirmed.

All Justices concur except Rawlings, Mason and Becker, JJ., who dissent.

Rawlings, J.—I respectfully dissent. Disapproval by the majority of a jury instruction as to weight and credibility to be singularly accorded testimony by an accused is certainly commendable.

However, I would condemn it, and upon that basis am unable to agree with Division III of the majority opinion. See

dissent in State v. Ford, 259 Iowa 744, 755, 145 N.W.2d 638, 644. I would reverse and remand for a new trial.

MASON and BECKER, JJ., join in this dissent.