I disagree with the majority's holding that "the statute defining `attempt' does not clearly evince a legislative intent to apply the doctrine of transferred intent — applicable only to the completed crime of murder — to punish as attempted murder the consequences of an unintended, nonfatal result." 890 So.2d at 181.
The Alabama Legislature established that "[a] person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense." § 13A-4-2(a), Ala. Code 1975. The Legislature has also provided that "[a] person commits the crime of murder if . . . [w]ith intent to cause the death of another person, he causes the death of that person or of another person." § 13A-6-2(a)(1), Ala. Code 1975. The murder statute specifically contemplates the concept of transferred intent. Therefore, the Legislature has provided that a person is guilty of attempted murder if with intent to commit a murder (defined as causing the death of a person, either the intended person or another person), he does any overt act (e.g., shoots a weapon) toward the commission of such offense. Unlike the majority, which concludes that such a holding "would . . . rewrite the attempt statute," 890 So.2d at 181, I conclude by a reading of the language of the attempt statute and the murder statute that the Legislature did intend for the offense of attempted murder to include situations involving transferred intent.
Indeed, the Legislature did not have to specifically incorporate the concept of transferred intent in our murder statute. Additionally, the Legislature, if it had wanted to establish special conditions regarding attempted murder, could have excluded the concept of transferred intent by its statutory language. Nothing in the wording of either the murder statute or the attempt statute prohibits the application of the concept of transferred intent to attempted murder. See Ex parte Holladay,466 So.2d 956, 960-61 (Ala. 1985) (holding that "[w]here a statute enumerates certain things on which it is to operate . . ., *Page 185 
the statute must be construed as excluding from its effect all things not expressly mentioned"). I conclude the interaction of §13A-4-2 with § 13A-6-2 is plain and unambiguous on its face; therefore, there is no room for judicial construction.
 "When the language of a statute is plain and unambiguous, as in this case, courts must enforce the statute as written by giving the words of the statute their ordinary plain meaning — they must interpret that language to mean exactly what it says and thus give effect to the apparent intent of the Legislature."
Ex parte T.B., 698 So.2d 127, 130 (Ala. 1997).
As the New Mexico Court of Appeals reasoned when confronted with this same issue:
 "[I]n State v. Thomas, 127 La. 576, 53 So. 868
(1910), the Supreme Court of Louisiana considered a case where defendant, in the midst of a quarrel, shot at his intended victim (Washington), and wounded both the intended victim and a third party (Alma Meyers) who was standing nearby. Defendant was charged with shooting Alma Meyers `"with intent to commit murder."' Defendant argued on appeal that the shooting of Meyers was accidental and that he lacked the intent necessary to establish the crime of shooting Meyers with an intent to commit murder. The court in State v. Thomas affirmed the conviction. The court held `the allegations of the indictment [are] fully proved, if there is the shooting of any person, — no matter of what person, — and the shooting is done with a dangerous weapon and with intent to commit murder . . . there is nothing in the terms of the statute requiring that the person who was shot [must] have been the person intended in fact to be murdered, or who was shot at.' Id. at 869. Since a murder conviction will be upheld even though the specific intent to kill was directed at someone other than the unintended victim, it follows that an attempted murder conviction may be upheld on the same grounds. `[I]t should not be necessary to prove the malice aforethought was directed toward the person actually shot just because injury, rather than death, resulted. An attempt to commit murder should not require proof of an intention not necessary to sustain a charge of murder.' State v. Alford, 260 Iowa 939, 940, 151 N.W.2d 573, 574 (1967). . . ."
State v. Gillette, 102 N.M. 695, 703-04, 699 P.2d 626, 635
(N.M.Ct.App. 1985) (some emphasis added).
Because I believe that this Court should apply the plain meaning of the language of the statutes and not mandate that an attempt to commit murder require proof of an intention not necessary to sustain a charge of murder, I must respectfully dissent.
SEE, J., concurs.