Cole, Ch. J.
l. practice : ana%íos°Pargument. I. The plaintiffs in their petition aver that, in the spring of 1867, they made an arrangement defendant whereby he agreed to consign wool to Üiem for sale on commission; that pursuant thereto defendant did ship wool to them, and they advanced defendant money thereon; that defendant shipped a certain quantity of wool; that they advanced a certain amount of money; that the net proceeds of sale of said wool amounted to a certain other sum, and that a certain other sum was due them for interest on *485 advances. -“Plaintiffs therefore claim that said snm of $421.41, with interest thereon, from the statement of account as aforesaid, is still due them from defendant.”
The defendant, by his' answer, admitted all the facts as pleaded by plaintiff, but denied that he was indebted to them in the sum claimed by them, and also set up a counterclaim. At the commencement of the trial before the jury, the defendant’s counsel claimed the right upon the pleadings to open and close the case, and also stated that he “ would admit the truth of every fact in favor of plaintiffs to entitle them to recover.” The court gave to defendant the opening and closing of the ease. In this there was neither error nor abuse of a sound judicial discretion.
2._admission of allegations. II. The defendant, in order to maintain his counterclaim and to defeat the plaintiffs’ action, offered testimony to show that plaintiffs did not sell the wool for p.g fa}r vaJue. that they ka¿ not accounted for all the wool sent them; that they sold the wool without notice to him, and contrary to instructions, etc. This testimony was objected to, because it tended to contradict defendant’s admissions made by his pleadings and orally, in order to obtain the opening and closing of the case. The objection was overruled, and that ruling is now assigned as error.
The facts admitted by the defendant were only those pleaded by the plaintiffs as above stated; and it was competent for the defendant to show, in maintenance of his counterclaim, that the plaintiffs owed him for other wool than that mentioned in their account and petition, and that he was damaged by disregard of his instructions as to price for which they might sell, etc., and thereby defeat the plaintiffs’ right to recover by showing their indebtedness to him. The same question is substantially made by the instructions asked by plaintiffs, and refused; the plaintiffs’ theory being, that since defendant had admitted the facts stated in plaintiffs’ petition, he was estopped from introducing evidence to controvert *486 the claim that there was $421.41 due the plaintiffs. The refusal of such instructions was not error. The admission can by no means be extended to the claim of the amount due. This was a deduction or conclusion by plaintiffs, and not a fact.
i. bailment : mérubant':“avanees. III., The testimony tended to show that defendant gave to plaintiffs express directions not to sell his wool for less fifty cents per pound; and that plaintiffs, without notice to defendant, but while he was ^ for advances, did sell his wool for much less than that price, and concealed from him the fact of such sale until months after it was made.,.- Upon this evidence the plaintiffs claimed and asked instructions accordingly, that if they sold the wool at a fair market price, at time of sale, they would only be liable for the amount received. The court refused so to instruct ; but did instruct that although the defendant was indebted to plaintiffs for advances, they could not sell his wool for less than the price fixed, except, upon proper demand, he refused and neglected to repay the advances due.
The instructions, as given, are in accord with equity and sound reason. \ It would be a great hardship to consignors if the consignees, having made advances, could, at their mere option and without any notice to or consent of the consignors, and against their instructions, force their property to sale upon any market, however depressed., Good faith and fair dealing, as well as the law, require that the consignor shall give the consignee reasonable notice to pay any balance due for advances or otherwise, before he can sell the consigned property, contrary to instructions, in order to re-imburse himself.. See the authorities cited in notey, p. 10 of vol. 1,Pars, on Gont.
These are substantially all the questions made upon the record. The judgment of the district court was correct, and that of the general term must be
Reversed.