## ALLEMAN v. STEPP.

1. **Evidence**: IMPEACHMENT OF WITNESSES: MENTAL CONDITION Testimony is admissible to impeach a witness by showing that his mind and memory have become impaired by disease and are in an abnormal condition.

*Appeal from Boone District Court.*

### THURSDAY, DECEMBER 11.

ACTION at law to recover for services rendered to defendant by plaintiff, who is a surgeon. There was a judgment for plaintiff, from which he appeals. The facts of the case appear in the opinion.

Alleman v. Stepp.

*Holmes & Reynolds*, for appellant.

*Kidder & Crooks*, for appellee.

BECK, CH. J.—I. The petition declares upon an account for services rendered by plaintiff, as a surgeon, in reducing fractures of the bones of defendant's leg, the amputation of the thigh, and attendance until the defendant's recovery.

The answer admits the services, but as a defense pleads that there was a difference between the parties as to the true and just amount of plaintiff's bill, and thereupon they had a settlement and plaintiff agreed to charge $250 for his services, which defendant then undertook to pay. Under this settlement it is alleged that, after deducting credits given by plaintiff in his account, there remains due plaintiff, the sum of seven dollars and no more, and for that amount defendant offers to confess judgment.

II. The plaintiff insists that the defense set up in the answer is not good, as it presents an accord and satisfaction which cannot be supported in this case for these reasons:

1. There is no consideration shown, and the defense and the evidence in support of it shows that the plaintiff receives no consideration for relinquishing a part of his just claim.

2. The agreement pleaded and shown was a mere executory contract, while an accord must be executed. This objection is sufficiently answered by the consideration that it was not in any manner raised in the court below. The answer pleading the defense was not assailed by demurrer, nor was objection made to the introduction of the evidence offered to support the answer, nor was any question involving the objection raised upon the instructions to the jury. If plaintiff's view of the law be correct, his objections come too late.

III. The defendant testified to the settlement as alleged in his answer; it was denied by plaintiff. It can hardly be said that defendant's testimony is corroborated, but the abstract does not purport to give all the evidence. The plaintiff introduced a physician who testified that he had known the defendant from a time prior to the

1. EVIDENCE: impeachment of witness: mental condition.

amputation of his limb.  He was then asked to state the con-
dition of defendant's mind as to memory before and after the
injury; to state the effect of the injury upon defendant's
memory as to money and finances in particular, and to state
whether, in the opinion of the witness, the mind of defendant
was greatly impaired.  The evidence, upon defendant's objec-
tion, was rejected.  We think the ruling erroneous.  Surely,
if defendant was suffering from an impaired mind, which
affected his memory, the fact would tend to lessen the credit
to be given to his testimony.  Can it be doubted that the
credibility of a witness may be assailed by showing his want
of mental capacity?  It is said that the infirmity of memory
should be shown by cross-examination.  But it might not be
made to appear in that way, though it really existed.  The
witness was a physician and knew the defendant before and
after the injury and the condition of his mind as to memory.
He was surely competent to state the fact of defendant's loss
of memory, and in our judgment he was competent to state
his opinion of the defendant's mental condition, based upon
his knowledge and observation of the defendant before and
after the injury.  If in this way it should be made to appear
that defendant's memory was impaired by disease, his credi-
bility would be impeached.

Under familiar rules of the law the credibility of a witnes
may be impeached by showing moral defects.  Mental defects
in the witness, or loss or impairment of memory, will, accord-
ing to the observation of all men, detract from the credibility
otherwise due a witness, just as surely as do moral defects.  It
is not reasonable to hold that the law will permit impeachment
of a witness by showing the moral defects of his character, and
will not permit impeachment by proof of defects of memory
caused by diseases of the body or mind.

Under the rules of evidence, and statutes of this state, a wit-
ness may be impeached by proof of his bad moral character,
and that his reputation for veracity is so low that he cannot
be believed under oath.  The impeaching witness states his
conclusions, belief or opinions, based upon knowledge of the
character and reputation of the witness whose credibility is

Alleman v. Stepp.

brought in question. The like course was proposed in this case, to impeach the defendant by showing his mental defects. The testimony excluded was of the conclusion, belief and opinion of the witness, based upon knowledge that defendant's memory was impaired by disease affecting the mind.

It is proper to say that the rule we recognize extends no farther than to permit the impeachment of a witness by showing an abnormal condition of the mind caused by disease, or habits which impair the memory. It will not permit evidence of the want of strength or accuracy of memory of a witness whose mind is not shown to be in an abnormal condition. While it is true that the memories of men of sound physical and mental health are not equally strong and accurate, or they are unequal in other faculties of the mind and in physical development, the law can devise no standard of measurement or test of the mind in its normal condition. It cannot be compared with the mind of others in order to impeach or support the memory. Our conclusion upon this point of the case finds support in the following authorities. *Isler v. Dewey*, 75 N. C., 466: *Fairchild et al. v. Bascomb et al.*, 35 Vt., 398; 2 Phillipp's Ev., Cowen & Hill and Edward's notes, p. 950, note 596; *Sisson Ex. v. Conger*, 1 Thompson & C. (N. Y. Sup. Ct.,) 564; *Rivara v. Ghio*, 3 E. D. Smith (N. Y. Common Pleas), 264; *Livingston v. Kiersted*, 10 Johns., 362. See, also, as tending the same way, *Flemming v. The State*, 5 Hump., 564; *Tuttle v. Russell*, 2 Day (Conn.), 201; *McDonald v. Preston* 26 Geo., 528. GIBSON, J., *arguendo*, in *Brindle v. McIlvain*, 10 S. & R., 285. A contrary doctrine is held in *Goodwin v. Goodwin*, 20 Geo., 600.

Other questions in the case, as it is not probable they will again arise upon another trial, need not be considered. For the error in excluding the evidence offered by plaintiff, the judgment of the District Court is

REVERSED.

SEEVERS, J.—I concur in the result reached in the foregoing opinion, but as I understand it goes further than I am willing to go. That evidence is admissible to show that the mind or

memory. of a witness has become impaired or abnormal by
reason of disease I think is true, and this in substance the
plaintiff offered ·to show, but he went farther and by another
question offered to show the " effect of the injury upon defend-
ant's memory, as to money and finances in particular." This
was not in my judgment admissible. The impaired or abnor-
mal condition of the mind being shown the effect was for the
·jury to determine.