THE MILWAUKEE HARVESTING COMPANY V. C. H. CRABTREE, Appellant.

**Partnership:** RATIFICATION BY PARTNER. Where defendant's firm contracted to sell goods for plaintiff on commission and take notes therefor, and, on plaintiff's refusal to accept the notes, defendant's partner gave the firm notes in settlement, retaining the sale notes, the fact that the defendant thereafter accepted some of the sale notes in payment of a debt due him from the firm, knowing them to be such, was evidence of ratification.

JURY QUESTION. Defendant's knowledge that the notes so received by him were sale notes was for the jury, where said sale notes were on blanks furnished by the plaintiff, as provided in the contract, and it did not appear that the firm had transacted any other business for plaintiff.

AUTHORITY OF PARTNER TO GIVE NOTE. A firm contracted to sell goods for plaintiff on commission, and take notes therefor, it being agreed that plaintiff might refuse to accept said notes, in which case the firm should either cash them within a specified time or replace them with other notes bearing the firm's guaranty. *Held* that, on plaintiff's refusal to accept the sale notes, one of the partners might elect to pay cash, and bind the firm by executing its notes for the amount.

**Opening and Closing:** *When discretionary.* Plaintiff in an action on notes is entitled to open and close where the answer is a general denial with certain specific denials, so that a judgment could not be properly rendered for plaintiff, on the pleadings.

*Appeal from Wright District Court.*—HON. B. P. BIRDSALL, Judge.

FRIDAY, APRIL 9, 1897.

ACTION on two notes signed by C. H. Crabtree & Co. Only C. H. Crabtree was served with notice, and, in his answer, he denies liability. Trial to jury.

Verdict and judgment for the plaintiff, and defendant appeals.—*Affirmed.*

*Nagle & Nagle* for appellant.

*Ladd & Rogers* for appellee.

LADD, J.—The firm of Crabtree & Co. was composed of C. H. Crabtree, residing at Dows, and H. A. Crabtree and W. H. Cappellan, at Lake Park, and engaged in the agricultural implement business. In February it entered into a contract with the plaintiff by the terms of which it was to sell certain goods on commission, and take notes therefor. When the business done under this contract at Lake Park was settled in the fall of that year, the plaintiff refused to take the notes received on sales made, and demanded the guaranty of the firm. This was refused by Cappellan, who, instead, gave the notes in suit, and retained those received for goods sold. The question at issue is whether C. H. Crabtree is bound by this transaction.

I. The fifth instruction submits the issue as to whether the defendant ratified the execution of the notes, and this, it is said, is not raised by the pleadings, and is without support in the evidence. The answer expressly denies the ratification of the notes, and if the defendant received any of those taken on sale of goods (which may be referred to as "sale notes") for himself, knowing them to be such, after the notes in suit were executed, this would be evidence of ratification. In a settlement with the other members of the firm, some of the sale notes, together with other notes, were turned over to C. H. Crabtree in part payment of an indebtedness due him from the firm. All such notes were taken on blanks furnished by the plaintiff, and defendant

noticed that the ones he received were on such blanks so furnished, but insists he did not know they were taken under the contract. It does not appear, however, that the firm transacted for plaintiff any business other than that provided for in the contract. Under the circumstances, the defendant's denial of knowledge is fairly put in issue, and was properly submitted to the jury.

II. Objection is made to the third instruction because it ignored the claim that Cappellan, under the partnership agreement, had no authority to sign the firm name to the notes, and the plaintiff so knew. It is true that the defendant testified he so informed the agent of the plaintiff, but no evidence was introduced tending to show that there was in fact any such agreement between the parties.

III. It is insisted that, in order to create a liability for which a partner could bind the firm by giving notes, the goods must have been sold, or the sale notes taken, in violation of the contract; and *Brayley v. Hedges*, 52 Iowa, 623 (3 N. W. Rep. 652), is relied on. By the terms of the contract, it is left entirely at the option of the plaintiff whether it will accept the sale notes; and, if it elects not to do so, the firm must make them satisfactory by getting security, or replace them by other notes bearing the indorsement or guaranty of the firm, or cash them, within thirty days. The plaintiff having refused to accept the sale notes, the firm was bound to settle in one of the ways provided. Cappellan, acting for the firm, determined, as he had a right to do, that payment in cash would be preferable; and, having so done, a firm liability was created, in settlement of which he had authority to execute the firm notes. Such liability arises from the express terms of the contract, and not from the violation thereof.

IV.  After the evidence was introduced, the defendant demanded the opening and closing argument to the jury, and this was denied.  Section 2780 of the Code, provides that:   "In the argument the party having the burden of the issue shall have the opening and closing."   The answer is a general denial, except of the existence of the partnership, with certain specific denials.  If the case had been submitted on the pleadings, judgment could not properly have been rendered for the plaintiff.  Technically, then, "the burden of the issue" was on plaintiff, and it was entitled to the opening and closing. *Goodpaster v. Voris*, 8 Iowa, 334; *Viele v. Insurance Co.*, 26 Iowa, 9;  *Hallowell v. Fawcett*, 30 Iowa, 491; 1 Thompson, Trials, section 233.  The better practice is to claim the right before the evidence is introduced. 1 Thompson, Trials, section 225; Best, Beg. & Rep., section 31.  It would not have been error or an abuse of discretion, under the rulings of this court, however, had the trial judge awarded the opening and closing to the party upon whom the evidence cast the burden. *Smith v. Coopers*, 9 Iowa, 379; *Fountain v. West*, 23 Iowa, 9; *Preston v. Walker*, 26 Iowa, 205; *White v. Adams*, 77 Iowa, 295 (42 N. W. Rep. 199).

V.  Complaint is made that the verdict is contrary to the evidence, but we think otherwise.  Exceptions to the rulings on the admissibility of evidence are without merit, and require no consideration.— AFFIRMED.