50  694
f108 554

No. 12,765.

STATE OF LOUISIANA VS. RUBEN DOWNS.

A demand on the part of the defendant's counsel that the prosecuting witness be qualified touching her competency comes too late after she has been sworn in chief and her interrogation actually commenced.

It is not the right of counsel for an accused to require the testimony of a witness upon cross-examination to be reduced to writing. The law limits that right to testimony which appertains to some question of law raised on a bill of exceptions and to be decided by the Supreme Court.

APPEAL from the Twelfth Judicial District Court for the Parish of Calcasieu.  Read, J.

*M. J. Cunningham*, Attorney General, and *A. R. Mitchell*, District Attorney (*P. A. Simmons*, Jr., of Counsel), for Plaintiff, Appellee.

*Kleinpeter & Kleinpeter* and *R. L. Belden* for Defendant, Appellant.

Submitted on briefs March 26, 1898.
Opinion handed down April 4, 1898.

The opinion of the court was delivered by

WATKINS, J.  The accused was indicted, tried and convicted of the crime of rape, and sentenced to life imprisonment in the penitentiary, and rests his appeal upon two bills of exception, and a motion for new trial—the defendant having been accused of ravishing Florence Pool, a colored girl of nine years of age.

I.

The first bill of exceptions taken by the defendant relates to the refusal of the trial judge to permit the prosecuting witness to be sworn and examined during the progress of the trial touching her competency as a witness—the objection made and sustained being that the request came too late after he had been sworn, and her interrogation as a witness actually commenced.

We extract the following from counsel's brief, p. 6, viz.:

The first bill is as follows, to-wit:

"Be it remembered that on the trial of the above cause the prose--

cutrix, Florence Pool, was duly called and sworn as a witness for the State, and pending the giving of her testimony in chief   *   *   * Counsel for the accused requested that the witness be qualified touching her competency as to the appreciation of an oath, or her accountability to her maker in the event of her false swearing, she being a female negro child of nine years of age.

" The court overruled the request on the ground that it came too late—after the witness had been tendered and sworn as a witness and her testimony already begun, but with the reservation of right to assail credibility on cross-examination."

Replying thereto the Attorney General makes reference to the following authorities as sustaining the ruling of the court, viz.:

The ruling of the court was correct.  Mr. Wharton says: " The law on grounds of policy presumes that all witnesses tendered in a court of justice are not only competent but credible "   *   *   * Wharton's Cr. Ev., par. 368.

Again that author says: "A party who knows objections to the competency of a witness can not, so it has been held, hold back such objection until the witness has been examined, and then raise the objections if the witness' testimony prove unfavorable"   *   *   * Par. 359.

While there may be some doubt of the perfect accuracy of the ruling of the trial judge, as the witness had only just been sworn in chief when the defendant's counsel made their request, we think the ends of justice were subserved by the reservation of the right of defendant's counsel to assail the credibility of the witness on cross-examination.

## II.

The second bill of exceptions relates to the refusal of the trial judge to permit the testimony of the prosecuting witness aforesaid to be taken down in writing as requested by the defendant's counsel.

The judge assigned as his reason for having so refused the request, that "the ruling of the court above complained of was made because no reason was apparent or assigned for such course, and which if acquiesced in by the court would have materially retarded the cause and obstructed the business of the court."

We think the ruling of the judge was correct; not only for the reason which he assigned, but for the stronger one that the law does

not warrant the reduction of the testimony of a witness to writing under the circumstances related.

The statute provides " that on the trial   *   *   * when an objection shall have been made and a bill of exceptions reserved, the court shall at the time and without delay order the clerk to take down the facts upon which the bill has been retained "—to be attached to the bill in case of appeal.   Act 113 of 1896.

But the proposition of the defendant was to have the testimony of the prosecuting witness on cross-examination on the merits reduced to writing—an altogether different situation.

Neither the language nor the spirit of the law justifies the contention of defendant's counsel.

The testimony sought to be reduced to writing appertained to the guilt or innocence of the accused, and not to a question of law for this court to decide.

### III.

The ground of the defendant's motion for a new trial is, that the verdict of the jury was contrary to law and evidence.   In keeping with the uniform current of our jurisprudence we can not enter upon a discussion of that question, as it is predicated upon the facts adduced on the trial.

We find no error in the ruling of the trial judge.

Judgment affirmed.