PROVOSTX, J.
The defendant was convicted of manslaughter, and sentenced to twenty years in the penitentiary.
The first complaint is to the admission of the dying declaration of the child (a child 10 years old) with whose killing the defendant is charged. It is urged that the testimony did not show that the child was under a sense of impending death. We think, with the learned judge a quo, that the testimony did show that fact.
The next ground of complaint is that proper ground was not laid by proof of the competency of the child; the contention being that a child of 10 is presumed to be incompetent, and that the same rule applies to her dying- declaration as would apply to her testimony if she were offered as a -witness on the stand. The legal proposition thus advanced is unquestionable. Greenleaf, para. 157; Reg. v. Perkins, 9 Car. & P. 395; Donnally v. State, 26 N. J. Law, 506. But the record shows that a large number of witnesses were examined on the trial, whose testimony has not been brought up. The presumption is that the competency of the child w?as sufficiently brought out by the testimony of these witnesses. Nothing shows that objection was made on that ground in the course of the trial. The presumption is, therefore, that there was no ground for objection.
The next complaint is to the refusal of the judge to assign to a later day the hearing-on the motion for new trial. The judge makes the following explanation of his course in the matter:
“By the Court: This case was continued from May 9th to May 16th to enable the defendant to procure other counsel to apply for a new trial; her attorney, Mr. Moran, having decided that he had no ground upon which to base such an application. A few days prior to May 16th, Messrs. Foley and Nix requested that they be granted further time to make the application, and by agreement the filing and hearing of the motion was fixed for Friday, May 23d. Up to this time no request to transcribe all of the testimony had been made and that relative to the dying declaration was the only part requested, and had already been written out and given to counsel. The case went over to Monday, May 26th, and all the testimony was given counsel; and, as the motion was not heard' until quite late in the day, ample opportunity w’as afforded to examine it.’-’
We think the complaint is fully answered.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed.