TOM BIRDWELL and BLAKE ALLEN v. UNITED STATES.

No. 'A-151.  Opinion Filed December 14, 1910.

1.  **WITNESSES—Children—Competency.** In the Indian Territory persons 14 years of age and over were presumed to be competent as witnesses in a criminal case; but before a person under the age of 14 years was permitted to testify in a criminal action, it was incumbent upon the party offering him as a witness to show that he understood the nature and effect of an oath.

2.  **SAME.** Where, in a trial for an offense committed in the Indian Territory before statehood, the prosecution introduced as a witness a girl only 11 years of age, and the defendant objected to her testifying on the ground that it did not appear that she was competent, it was error for the court to peremptorily overrule the objection and permit the witness to testify without attempting to ascertain whether she understood the nature and effect of an oath.

3.  **HOMICIDE—Murder—Evidence—Reputation of Deceased.** In a prosecution for murder, evidence that the deceased had the reputation of being a person who insulted and slandered women, is not competent.

(Syllabus by the Court.)

*Appeal from District Court, Pontotoc County; A. T. West, Judge.*

Tom Birdwell and Blake Allen were indicted in the United States Court for the Southern District of Indian Territory for the crime of murder, and upon a trial in the District Court of Pontotoc County, to which the cause was transferred after statehood, they were found guilty of manslaughter and were sentenced to imprisonment in the penitentiary for the terms of ten years and two years respectively. From an order overruling a motion for a new trial they appeal. Reversed and remanded.

*I. M. King, Dulce Stone* and *Crawford & Bolen*, for plaintiffs in error.—Citing *Fisher v. Collins,* 25 Ark. 96, and *Warner v. State,* 25 Ark. 448.

*Chas. West*, Atty. Gen., and *Smith C. Matson*, Asst. Atty. Gen., for the State.

RICHARDSON, JUDGE. In the trial of this case Costa Bowerman, a girl eleven years of age, was introduced as a witness in behalf of the prosecution. Plaintiffs in error objected to her testifying because she was not of the age at and after which persons are presumed competent to testify, and because she had not been shown to be a competent witness. The court peremptorily overruled the objection, and without any examination of the witness whatever as to her competency, and without any showing of any kind or character that she knew the nature, obligation or effect of an oath, permitted her to testify. She gave damaging testimony against plaintiffs in error. The latter saved an exception to the ruling of the court, and assign the ruling as error.

We think the assignment well taken. This homicide was committed prior to statehood; and under the Act of Congress of March 4, 1907 (c. 2911, sec. 39, 34 Stat, 1287), amending sec. 20 of the Enabling Act (Act of June 9, 1906, c. 3335, 34 Stat. 277; U. S. Comp. St. Supp. 1909, p. 154), the terms of which were accepted by section 28 of the Schedule of our Constitution, plaintiffs in error were entitled to be tried under the laws in force in the Indian Territory at the time of the admission of the state into the Union. *Hawkins v. United States,* 3 Okla. Cr. 651, 108 Pac. 561. Under the law in the Indian Territory persons 14 years of age and over were presumed to be competent witnesses. But the law indulged no such presumption as to persons under the age of 14 years; and before a person under that age was entitled to testify in a criminal case, it was incumbent upon the party offering him as a witness to show that he understood the nature, obligation and effect of an oath. *Flanigan v. State,* 25 Ark. 94. See, also, *Wheeler v. United States,* 159 U. S. 523, 16 Sup. Ct. Rep. 93, 40 L. Ed. 244, wherein appellant was charged with murder committed in the Indian Territory; and *State v. Michael* (W. Va.) 19 L. R. A. 605, and note. In this case the witness was not put upon her *voir dire* as to her competency, and there is not a syllable of testimony in the record tending to show that she understood the nature and effect of an oath. After the objec-

tion was made it became the court's duty to ascertain that the witness possessed this qualification before permitting her to testify, and the court committed error in not doing so.

The next assignment is that "the court erred in excluding the testimony of Clay Roper concerning the reputation of the deceased for offering insults to ladies and slandering their character." It is stated in the brief that the question at issue was whether the deceased had slandered Birdwell's wife, but this is not true. The plea was self-defense. No quarrel preceded the killing, no words were spoken. The offered evidence was not competent, and would not have been competent even if the question whether deceased had slandered Birdwell's wife had been legitimately in the case.

For the error indicated the cause is reversed and remanded, with directions to set aside the judgment and grant plaintiffs in error a new trial.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.