(77 South. 489)

No. 22863.

STATE v. COMEAUX.

(Jan. 3, 1918.)

*(Syllabus by Editorial Staff.)*

1. RAPE ⚖=34(3)—ASSAULT WITH INTENT TO RAVISH—INDICTMENT—CERTAINTY.

An indictment charging that accused assaulted B. with the intent forcibly and against the will and consent of B. "to ravish and carnally know," was fatally defective, in that it did not charge with certainty whom he intended to ravish and carnally know, since while it gave rise to a strong inference that B. was the person, indictments must be positive and certain and are not taken by intendment.

2. WITNESSES ⚖=77 — COMPETENCY — EXAMINATION AS TO COMPETENCY.

Where the prosecuting witness is under 10 years of age, accused is entitled to have her examined on voir dire as to her competency before she is sworn to testify.

3. RAPE ⚖=59(23) — INSTRUCTION — SIMPLE ASSAULT.

On a trial for assault with intent to ravish the defense being that accused was so drunk as not to be capable of entertaining any specific intent, and there being evidence that he was very drunk, the court should have charged, on request, that under an indictment for assault with such intent a verdict might be found for simple assault, since where defendant may be found guilty of an included offense, and there is evidence upon which a verdict for the lesser crime may be found, the court should so instruct the jury, and drunkenness so complete as to exclude the possibility of the existence of any specific intent may necessarily serve to show the absence of such intent.

4. CRIMINAL LAW ⚖=328—MATTERS TO BE PROVED—INTENT.

Where a specific intent constitutes one of the elements of the crime charged in the indictment, and for any reason the intent is absent or not proved, there must necessarily be an acquittal as to that crime.

5. INDICTMENT AND INFORMATION ⚖=191(½)—CONVICTION OF INCLUDED OFFENSES.

A lesser crime may be included in a greater, and in such a case a conviction for the lesser may be had upon an indictment for the greater.

Appeal from Eighteenth Judicial District Court, Parish of Lafayette; William Campbell, Judge.

Alcide Comeaux was convicted of an offense, and he appeals. Judgment set aside and indictment quashed.

John L. Kennedy, of La Fayette, for appellant. A. V. Coco, Atty. Gen., and Percy T. Ogden, Dist. Atty., of Crowley (Vernon A. Coco, of New Orleans, of counsel), for the State.

PROVOSTY, J. [1] The indictment in this case reads:

"That one Alcide Comeaux, at the parish aforesaid, on or about the 1st day of May, A. D. 1917, did unlawfully, willfully, and feloniously make an assault upon one Mabel Besard, a female, with the intent in so doing, then and there, unlawfully, feloniously, forcibly, and against the will and consent of the said Mabel Besard, to ravish and carnally know."

This indictment is fatally defective in that it does not charge with certainty whom it was the accused intended to ravish and carnally know. Very true, it gives rise to a strong inference that Mabel Besard was the person; but indictments are not taken by intendment; they must be positive and certain.

[2] If, when the next trial is had, the witness Mabel Besard is still under 10 years of age, the accused will be entitled to have her examined on voir dire as to her competency before she is sworn to testify. State v. Frazier, 109 La. 458, 33 South. 561; State v. Downs, 50 La. Ann. 694, 23 South. 456; Whart. Crim. Ev. (10th Ed.) vol. 1, § 447.

[3] The defense being that the accused was so drunk as not to be capable of entertaining any specific intent, and that therefore if any assault at all was committed it was not with the intent alleged in the indictment, the judge was requested to charge that upon an indictment for assault with intent to commit a rape a verdict may be found for simple assault.

[4] The charge should have been given. Where a specific intent constitutes one of the elements of the crime charged in the indictment, and for any reason that intent is absent or not proved, there must necessarily be an acquittal as to that crime. And drunkenness so complete as to exclude the possibility of

the existence of any specific intent may necessarily serve to show the absence of such intent. 12 Cyc. 172; Wharton, Crim. L. vol. 1, § 68, p. 93 et seq.

[5] A lesser crime may be included in a greater. In such a case a conviction for the lesser may be had upon an indictment for the greater. State v. Fruge, 106 La. 695, 31 South. 323; State v. Matthews, 111 La. 962, 36 South. 48. On an indictment for rape, a verdict for assault may be found. Wharton (11th Ed.) vol. 1, § 746, p. 946. Where defendant may be found guilty of any offense necessarily included within the crime charged, it is error, on his request, to refuse to so instruct the jury. 12 Cyc. 39. This is true, however, only when there is evidence upon which a verdict for the lesser crime may be found. State v. Kemp, 120 La. 378, 45 South. 283. There was such evidence in this case, since there was evidence of accused having been very drunk, and the question was simply as to whether the drunkenness was so complete as to exclude intent.

The judgment is set aside and the indictment is quashed.