STATE OF IOWA, Appellee, v: CHARLES ALBERTS, Appellant.

WITNESSES: Competency—Duty of Court to Determine Mental Competency. When the mental competency of a witness is raised when he is proffered as a witness, the court should, prior to the swearing of the witness, receive evidence and make a finding as to competency.

CRIMINAL LAW: Trial—Reception of Evidence—Election Between Acts. The State should be required, in a rape case, to elect between separate and distinct offenses when they are committed during separate and distinct periods of time, and when the corroborative evidence of different witnesses applies to different periods.

CRIMINAL LAW: Evidence—Other Distinct Offenses. On the trial of an indictment for rape, evidence of an assault and battery committed by the accused on the prosecutrix is inadmissible when such battery is wholly disconnected with any sexual act between the parties thereto.

Headnote 1:  40 Cyc. pp. 2239, 2240, 2242.  Headnote 2:  33 Cyc. p. 1500.  Headnote 3:  16 C. J. p. 609.

*Appeal from Johnson District Court.*—R. G. POPHAM, Judge.

MARCH 17, 1925.

DEFENDANT was indicted, tried, and convicted for the crime of rape upon an imbecile female. From the judgment entered, he appeals.—*Reversed.*    . . . .

*Byington & Rate,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Edward L. O'Connor,* County Attorney, for appellee.

DE GRAFF, J.—The first complaint of appellant is directed to the action of the trial court in overruling objections bearing on the competency of the prosecutrix as a witness.

The trial commenced October 15, 1923. The prosecutrix was the first witness called by the State; and before she was sworn, defendant challenged her competency, for the reason that

1. WITNESSES:
competency:
duty of court to
determine men-
tal competency.

the records in the office of the clerk of the district court of Johnson County, Iowa, show that the "witness has been judicially declared to be of unsound mind, and that she is a person of insufficient mental capacity to understand the nature of an oath." Defendant further requested that, "if there is evidence offered as to the competency of the witness, that it be taken out of the presence of the jury." The following record was then made:

"The court: 'All right, this will be taken out of the presence of the jury.' (Court and counsel retire from court room for a short time.) The court: 'The objection is overruled.' Defendant excepts. Witness Blanche Holt at this time sworn by the court."

The record is silent that any evidence was taken by the court. Thereupon the defendant offered to identify the insane records in question by the clerk of the district court, and offered to show that the prosecuting witness, Blanche Holt, was judicially declared to be of unsound mind on April 11, 1923, and further offered in evidence page 475 of the "Insane Records of Johnson County." At this time, further objection was made to the swearing of the witness, for the reason that her competency, in the light of the record, had not been established, and that she is *prima facie* incapable of testifying as a witness. The State resisted both the offer and the objection, on the theory that the proffered testimony would be a part of the defense, and that: "It is offered at the wrong time." The objection of the defendant was overruled, and the objection of the State was sustained. Counsel for defendant then asked that "the witness be examined as to her competency, to determine the same, and that the same be not done in the presence of the jury." To this the State entered an objection, which was sustained; and the court

ordered that the examination take place in the presence of the jury.

I. Our statute provides that every human being of sufficient capacity to understand the obligation of an oath is a competent witness. Section 11254, Code of 1924. Both text and decision affirm that the competency of a witness is for the court, and not the jury, and ordinarily should be determined by the court before the witness is sworn. The rule is well stated in *Commonwealth v. Reagan*, 175 Mass. 335 (56 N. E. 577):

"Upon principle, and by an overwhelming weight of authority in England and in this country, we are satisfied that, when a witness is called, and it is objected that, by reason of insanity or youthfulness, he does not understand the nature of an oath, and is therefore incompetent, it is the duty of the judge to examine into the question of his competency, and to reject him unless he is satisfied that he is competent."

In *State v. King*, 117 Iowa 484, it is said:

"It may be the witness possessed the requisite capacity; but, if so, that fact should have been developed before receiving her testimony."

See, also, *Birdwell v. United States*, 4 Okla. Cr. 472 (113 Pac. 205).

The test is whether, at the time the witness is offered in the particular case, he understands and appreciates the obligation of an oath. *State v. Yates*, 181 Iowa 539. In the instant case, the defendant was not only privileged, at the time he entered his objection to the competency of the witness, to offer the record of her adjudication of insanity, but to show at that very time that she was an inmate of an insane asylum. Under the general rule, this proof established a prima-facie case that the witness was of unsound mind. *Tiffany v. Tiffany*, 84 Iowa 122; *Chavannes v. Priestly*, 80 Iowa 316; *Weber v. Chicago, R. I. & P. R. Co.*, 175 Iowa 358; 28 Ruling Case Law 452. Dean Wigmore states the rule thus:

"It is generally accepted that the fact that the witness is, at the time of testifying, or was shortly beforehand, a lawful *inmate of an asylum* for mental disease or defect, or an adjudged lunatic or defective, makes it necessary that his capacity should be examined into, and an express finding appear." 1 Wigmore

on Evidence (2d Ed.), Section 497, page 917.

See *State v. Cremeans,* 62 W. Va. 134; *Hale v. Commonwealth,* 196 Ky. 44 (244 S. W. 78).

Not only was the defendant precluded from making a showing of the incompetency of the witness at the initial stage of the proceeding, but he was also denied the right to have the witness examined on her *voir dire* before she was sworn. The rule of better practice recognizes that it is the privilege of the objector to have the witness tested in this manner. *State v. Comeaux,* 142 La. 651 (77 So. 489) ; *White v. State,* 52 Miss. 216.

The charge of imbecility of the prosecutrix, as found in the indictment, did not in itself disqualify her as a witness, and appellant makes no such claim. The controlling question is the right of the defendant to have the competency of the witness tested and determined in the first instance by the court; as it is shown that the witness, when offered, was presumptively insane. Under such circumstances, the question should be determined by the court before the witness is sworn. It is the logical process, and sustained by well defined precedent. If the challenged witness passes the examination by the court, and is sworn, evidence of his mental capacity may be introduced, and considered by the jury, as bearing upon his credibility and his degree of intelligence. *Ellarson v. Ellarson,* 198 App. Div. 103 (190 N. Y. Supp. 6). Under the instant record, however, and in view of our conclusion upon another branch of this case, we shall not reverse by reason of the failure of the trial court to rule the objections of the appellant in conformity to the rule of better practice. It is shown that both the State and the defendant offered evidence quite fully upon the formal trial, bearing upon the question of competency of the challenged witness; and the ruling of the court on the motion of the defendant to strike the evidence of the prosecutrix on the primary ground that she was not shown to be a competent witness was, in legal effect, a finding that she was competent. In the light of the entire record, was the defendant prejudiced by these rulings? It is generally agreed that certain tests find application in the determination of the competency of a witness. Does the witness know the difference between the truth and a lie? Does the witness understand the obligation to tell the truth? Does the wit-

ness possess the ability to retain in memory things witnessed by him? *State v. Crouch,* 130 Iowa 478; *State v. Meyer,* 135 Iowa 507; *State v. Michael,* 37 W. Va. 565 (16 S. E. 803); *Gaines v. State,* 99 Ga. 703. Conceding that the prosecutrix in the instant case indicated, by her answers to the questions bearing on the facts, that she had a fairly retentive memory, the record further discloses that she had little understanding of the nature and effect of an oath. In brief, her competency as a witness was not very clearly established. We deem it unnecessary to make further comment on this phase of the case. Upon a retrial, this witness may show a greater comprehension of the nature and obligation of an oath, by reason of mental development and instruction, general and special, which she may receive. The rights of the defendant, in view of her mental weakness, should, in any event, be carefully guarded by the court in its instruction on the weight and credibility to be given to her testimony. It may be further suggested, if the same conditions are presented upon a retrial of this case, that the competency or incompetency of the prosecutrix be determined at the outset thereof.

II. The defendant moved the court, upon the conclusion of the State's testimony, to require the State to elect the offense and date thereof upon which it would rely for a conviction. This motion was overruled, and defendant predicates reversible error thereon. Rape is not a continuing offense, and the testimony of the prosecuting witness discloses a number of acts of sexual intercourse between defendant and prosecutrix. Evidence of these various acts of intercourse is admissible; but it is the general rule that the State is required to elect, on motion, upon which offense it will rely. *State v. King,* 117 Iowa 484. The apparent exception to the rule is based on the theory that the relations of the parties are continuous, and so close in point of time that an election could not be made. When the evidence, however, discloses distinct and separate offenses, and the time during which the relations are alleged to have existed are separated into distinct periods, and the corroborating evidence of different witnesses applies to different periods, an election will be required. These conditions are found in the record before

2. CRIMINAL LAW: trial: reception of evidence: election between acts.

us, and the rule in *State v. Norris*, 122 Iowa 154, controls. The motion to elect should have been sustained.

III. ˙ Complaint is made of the admission of certain testimony over the objection of the defendant. The witness Violet Holt was permitted to state, over proper objection, that she had seen the defendant strike the prosecuting witness. She testified that one night Blanche was sitting on the piano stool, playing the piano, and that:

3. CRIMINAL LAW: evidence: other distinct offenses.

"He [defendant] had the rest of us believing,—I don't know whether it is true or not,—that he had told Blanche to stop playing. He knocked her down on the floor four times; and the next morning her eyes were bluish and her face was swollen."

This was a distinct offense, and not connected with or related to the charge in the indictment. It did not tend to prove any fact material to the case, and is not within any exception to the general rule that other and distinct offenses than that charged in the indictment are inadmissible.

For the reasons herein assigned, the judgment entered on the verdict is—*Reversed.*

· All the justices concur in the result.

STEVENS, ARTHUR, and VERMILION, JJ., dissent as to Division III.