WALLEY *v.* STATE

No. 41772 — February 6, 1961 — 126 So. 2d 534

*Lawrence D. Arrington,* Hattiesburg, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Appellant, Ellis Walley, was convicted in the Circuit Court of Forrest County on a charge of forgery of a check, and sentenced to serve a term of four years in the state penitentiary.

The conviction was based almost exclusively upon the testimony of an alleged accomplice, Bill Ellis. Ellis admitted that he wrote the check and cashed it at a filling station. He said Walley suggested the amount, the name of the person to be used as maker, and otherwise advised him about writing it. There is no direct corroboration of this accomplice's testimony. ■■ ■ It is true that a conviction may be sustained on the uncorroborated testimony of an accomplice, but such evidence must be viewed with great caution and scrutinized carefully; it should be reasonable, and not improbable or self-contradictory. Cole v. State, 217 Miss. 779, 65 So. 2d 262 (1953).

The State's evidence in support of the conviction is weak, and contains several unreasonable and inconsistent situations. However it is not necessary for us to analyze the evidence at length and decide whether it is sufficient to support the conviction. ■■■ We think the case must be reversed for the exclusion of certain evidence proffered by defendant's counsel in his cross-examination of Ellis, the State's chief witness. The defense has a right on cross-examination to interrogate the State's witnesses concerning their mental capacity, perception, memory and trustworthiness. These were especially important issues as to Ellis. On cross-examination of him, counsel asked Ellis whether he was confined in a mental hospital in San Antonio, Texas two years ago. The district attorney's objection to this question was sustained. It should have been overruled. Whether Ellis has a history of previous mental disorders was a relevant fact for the jury to consider in determining his veracity.

■■ ■ It was also error to sustain the State's objection to cross-examination of Ellis concerning a letter he allegedly wrote on the day of the forgery, or shortly thereafter, and left under a pillow at defendant's home. The original of this letter is not in the record, but Ellis admitted writing at least part of it. Excerpts would have justified the jury in inferring that Ellis had forged this and other checks for the purpose of giving the money received from them to a girl friend, the addressee of the letter. Although defendant's counsel, on preliminary examination in the absense of the jury, perhaps should have more adequately authenticated the instrument, including where it was found, through other witnesses, we think Ellis' admission that he wrote at least part of it was sufficient authentication to warrant its use on cross-examination. It tends to contradict some of the main portions of his testimony. Hence it was error to sustain the objections to questions by defense counsel on cross-examination concerning this letter.

For these reasons the case is reversed and remanded for a new trial.

Reversed and remanded.

*Lee, P.J.,* and *Kyle, Arrington,* and *Rodgers, JJ.,* concur.