STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. HENRY A. VIGLIANO, DEFENDANT-APPELLANT.

Argued April 26, 1966—Decided July 8, 1966.

*Mr. Leonard I. Garth* argued the cause for appellant (*Mr. Stephen A. Ploscowe* on the brief).

*Mr. Archibald Kreiger,* Assistant Prosecutor of Passaic County argued the cause for respondent (*Mr. John G. Thevos,* Passaic County Prosecutor, attorney; *Mr. Kreiger,* of counsel).

The opinion of the Court was delivered

PER CURIAM. The Court is of the view that this appeal should be reargued in light of *Miranda v. Arizona,* 384 *U. S.* 436, 86 *S. Ct.* 1602, 16 *L. Ed.* 2d 694 (June 13, 1966), *Johnson v. New Jersey,* 384 *U. S.* 719, 86 *S. Ct.* 1772, 16 *L. Ed.* 2d 882 (June 20, 1966) and *Davis v. North Carolina,* 384 *U. S.* 737, 86 *S. Ct.* 1761, 16 *L. Ed.* 2d 895 (June 20, 1966). It therefore requests counsel to brief the following questions:

(1) In light of *Johnson v. New Jersey* should *Miranda v. Arizona* or *Escobedo v. State of Illinois,* 378 *U. S.* 478, 84 *S. Ct.* 1758, 12 *L. Ed.* 2d (1964), be applied on the pending appeal in determining the admissibility of Vigliano's oral and written confessions?

(2) If the Court were to order a retrial, in light of *Johnson v. New Jersey* and *Davis v. North Carolina,* should *Miranda v. Arizona* be applied on such retrial in determining

the admissibility of Vigliano's oral and written confessions? In this connection note particularly 86 *S. Ct.* 1780.

In connection with reargument counsel should feel free to re-examine all of the facts in the record in light of the above cases, and to present any additional facts which may bear on the voluntariness issue. Attention should be given also to this additional problem: If *Miranda v. Arizona* were to be applied on retrial, do the facts show that Vigliano was fully aware of his right to an attorney and waived that right by voluntarily giving an oral confession without waiting for his fiancee or the witness Breen to obtain one for him?

We suggest also that it would be appropriate for defense counsel to apply for a new trial in connection with our consideration of Point III of defendant's brief. In this point it is urged the trial court erred (1) in refusing to permit counsel to cross-examine Dario Vigliano, defendant's father and a State's witness, as to his mental condition, and (2) in denying defendant the right to produce evidence of the father's impaired mental condition, for the purpose of attacking his credibility.

The trial began on March 15, 1965 and ended April 16, 1965. On March 27, while the trial was in progress defendant's father, Dario Vigliano, was committed to Hope Dell Hospital for psychiatric observation. County detectives brought him to court from that hospital on April 6, 1965 and returned him there upon completion of his testimony. On cross-examination defense counsel sought to show Vigliano's commitment for psychiatric study. On objection by the State the trial court inquired if counsel claimed the witness "is incompetent to testify." Upon being advised that counsel had no expert proof on the subject, but felt he was entitled to pursue the cross-examination for purposes of attacking the witness's credibility, the court sustained the objection. The matter should have been pursued further before the ruling was made. See *State v. Butler,* 27 *N. J.* 560, 605 (1958), and after the second trial, 32 *N. J.* 166, 193–195, *certiorari* denied 362 *U. S.* 984, 80 *S. Ct.* 1074, 4 *L. Ed. 2d* 1019 (1960).

In order that the matter may be dealt with fully by the trial court, and a complete record made, defendant may make an application for a new trial in the nature of a motion for a new trial on the ground of newly discovered evidence. Full testimony should be taken (or stipulations made, if desired) before the trial court, generally on the following matters:

(1) When did the State first learn of Dario Vigliano's commitment?

(2) Did the State at any time before Dario Vigliano testified notify defense counsel of the commitment? If so, how long before?

(3) Did defense counsel learn of the commitment before Dario Vigliano was sworn to testify? If so, how long before?

(4) What, if anything, did defense counsel do, upon learning of the commitment to ascertain Dario Vigliano's mental capacity to testify? Did defense counsel intend to offer any affirmative proof on the subject of his mental capacity if the State's objection had not been sustained?

(5) Both defendant and State should present to the trial court all available or obtainable evidence to show Dario Vigliano's mental condition at the time he testified.

At the conclusion of the hearing, the court should rule on the motion for a new trial in light of the entire record in the case. See *R. R.* 3:7–11(a). If the motion is granted, of course, the appeal will be at an end. If the motion is denied the additional record, with the decision on the motion shall be returned to us. In that event the propriety of the ruling should be briefed by the parties.

The matter is remanded to the trial court for the purposes set forth above.

After the motion for a new trial is disposed of briefs should be filed on all matters to which reference has been made. Defendant's brief should be served and filed first; after the State has answered, defendant may file a reply if deemed necessary.

508

*For reversal and remandment*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For affirmance* — None.