**STATE of Iowa, Appellee,**

v.

**Billy Joe MISKELL, Appellant.**

**No. 52893.**

Supreme Court of Iowa.

Oct. 15, 1968.

James Furey and Leighton A. Wederath, Carroll, for appellant.

Richard C. Turner, Atty. Gen., James C. Sell, Asst. Atty. Gen., and Charles E. Vandebur, Ames, County Atty., for appellee.

MOORE, Justice.

Defendant was charged, tried and convicted of the crime of operating a motor vehicle while intoxicated in violation of section 321.281, Code, 1966. Thereafter he admitted he had previously been convicted of operating a motor vehicle while intoxicated, second offense, and was sentenced to the Iowa State Penitentiary for a term of two years. He has appealed. We affirm.

I. Defendant asserts the trial court erred in giving instruction 11 which stated the jury should consider defendant's interest in the case in determining the weight to be given his testimony and in giving instruction 12 which stated the jury could consider the fact defendant had been convicted of a felony as bearing on the weight and credit to be given his testimony and for no other purpose.

Defendant took no exception to any of the instructions before they were read and submitted to the jury. No motion for new trial was filed. Defendant's attack on instructions 11 and 12 is being made for the first time on this appeal.

We have repeatedly held that where no exception to instructions is taken in the trial court, claimed errors therein will not ordinarily be reviewed on appeal. State v. Fiedler, 260 Iowa 1198, 152 N.W.2d 236, 241; State v. Ford, 259 Iowa 744, 751, 145 N.W.2d 638, 642; State v. Post, 255 Iowa 573, 584, 123 N.W.2d 11, 18; State v. Rob-

erts, 255 Iowa 166, 173, 121 N.W.2d 513, 517 and citations in each.

In view of defendant's contention he did not receive a fair trial, as a matter of grace, instructions 11 and 12 are reviewed. We have recently encountered instructions substantially the same as instruction 11 and have held it is not reversible error to so instruct. State v. Ford, 259 Iowa 744, 145 N.W.2d 638; State v. Shipley, 259 Iowa 952, 146 N.W.2d 266; State v. Alford, 260 Iowa 939, 151 N.W.2d 573; State v. All-nutt, Iowa, 156 N.W.2d 266. In the latter two cases, however, we suggest it would be advisable to omit such instruction. Our Allnutt opinion was subsequent to trial of this case.

II. Section 622.17, Code, 1966, provides: "Previous conviction. A witness may be interrogated as to his previous conviction for a felony. No other proof is competent, except the record thereof."

■ This section applies to any witness including the defendant in a criminal case. A previous felony conviction may be shown only to impeach the witness and for no other purpose. State v. Allnutt, supra, Iowa, 156 N.W.2d 266, 273; State v. Hardesty, Iowa, 153 N.W.2d 464, 469; State v. Van Voltenburg, 260 Iowa 200, 147 N.W.2d 869, 874; State v. Frink, 255 Iowa 59, 68, 69, 120 N.W.2d 432, 438. Instruction 12 carefully limits consideration of defendant's felony conviction to the question of his credibility.

■ Instructions 11 and 12 are similar to such instructions as approved by us in the cited cases and do not sustain his claim he did not receive a fair trial.

III. Police officer Robert Louis Nath testified he arrested defendant about 1:30 a.m., April 11, 1967 near the east city limits of Ames after he observed defendant operating his motor vehicle in an irregular manner on highway 30. He stated defendant's eyes were bloodshot, he smelled of alcoholic liquor, his speech was slurred, he staggered and was unsteady on his feet

and that defendant was unable to perform the heel to toe and finger to nose tests. Another officer, called to the scene, gave like testimony. Each opined defendant was intoxicated.

One empty and four full beer cans were found in defendant's vehicle. Nath testified defendant said he had started drinking whiskey in Nevada between 8:00 and 9:00.

Defendant's mother, Mayme Miskell, testified he came home about 6:00 p.m. the evening before his arrest and after eating went to bed and was there when she retired at 11:15 p. m. She stated he was sober and did no drinking that evening.

Defendant testified he got up at 1:00 a. m. and was driving to Ames where he had an appointment with a Mr. Jones, a tavern owner, when he was stopped and arrested by Officer Nath. He stated he had nothing to drink in the previous ten hours, any breath odor was caused by snuff which he was chewing, he had one short leg which affected his ability to walk, his bloodshot eyes resulted from his shelling of corn, the beer had been in the vehicle for several days and that he was not intoxicated.

■ Defendant's contention his motion for directed verdict should have been sustained because of insufficient evidence to create a jury question on the necessary elements of the crime charged is untenable.

IV. Cross-examination of defendant's mother started thus:

"Q. Mrs. Miskell, I don't want to appear unkind, but are you the same Mayme E. Miskell that on the 6th day of April, 1967 was adjudged by Story County District Court as senile?

"Mr. Wederath: This is—

"The Witness: Yes.

"Mr. Vasey: Under conservatorship?

"Mr. Wederath: This is objected to as not proper cross-examination and it is highly improper.

"The Court: It will be sustained."

Defendant's assignments of error include: "There was misconduct on the part of the prosecuting attorney in introducing evidence that the witness, Mayme Miskell, had been adjudged senile." He first raised this contention in a motion for mistrial made at the close of all the evidence.

We find no merit it this assignment of error. The evidence of adjudication of senility came in without objection. Such evidence is admissible as bearing on the credibility of the witness.

58 Am.Jur., Witnesses, section 699, pages 378, 379, states: "A person without memory is valueless, if not incompetent, as a witness. Hence, any evidence going to show that the mind and memory of the witness are impaired by disease or otherwise, and are in a feeble condition, is competent to discredit his testimony. This is permissible even though the witness may not be mentally incompetent to testify." For like statements see 98 C.J.S. Witnesses §§ 461(f), 486, and 3 Wigmore, 3rd Ed., section 931.

Testimony is admissible to impeach a witness by showing his mind and memory have become inpaired and in an abnormal condition. State v. Alberts, 199 Iowa 815, 818, 819, 202 N.W. 519, 521; Alleman v. Stepp, 52 Iowa 626, 629, 3 N. W. 636, 637. Such evidence is admissible on cross-examination of the witness. People v. Imbler, 57 Cal.2d 711, 21 Cal.Rptr. 568, 371 P.2d 304; Walley v. State, 240 Miss. 136, 126 So.2d 534; State v. Vigliano, 47 N.J. 504, 221 A.2d 733; Commonwealth v. Towber, 190 Pa.Super. 93, 152 A.2d 917.

Senility is exhibited by a loss of mental faculties associated with old age. Black's Law Dictionary; 38A Words and Phrases, Perm.Ed., 339; Webster's Third New International Dictionary.

Inquiry regarding the adjudication of Mrs. Miskell as senile was proper as bearing on the credit and weight to be given her testimony. Although not directly in point our holding in State v. Faught, 254 Iowa 1124, 120 N.W.2d 426, strongly supports this conclusion. The county attorney was not guilty of misconduct in introducing such evidence.

V. Defendant argues Officer Nath's testimony describing the heel to toe test violated his constitutional right against self-incrimination. That evidence was received without objection in the trial court. The attack thereon is made for the first time on this appeal. Under the record we must adhere to the rule in this jurisdiction that objections not made in the trial court will not ordinarily be considered for the first time on appeal. State v. Hardesty, Iowa, 153 N.W.2d 464, and citations.

We find no reversible error and conclude defendant was afforded a fair trial.

Affirmed.

GARFIELD, C. J., and LARSON, SNELL, STUART and LeGRAND, JJ., concur.

MASON and RAWLINGS, JJ., concur specially.

BECKER, J., concurs in the result.

MASON, Justice (concurring specially).

I concur in the result. Because of defendant's failure to make objections and take exceptions to the giving of instructions 11 and 12 as required under our procedure and the statute as noted in Division II of the majority opinion, I would hold defendant's appeal presents no reviewable issue as to the propriety of the giving of these instructions.

RAWLINGS, J., joins in this special concurrence.